IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| ELIZABETH A. NEAL, | ) | |
| Plaintiff, | ) | 2:15-CV-00040 |
| vs. | ) | |
| CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |

AMBROSE, United States Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 13). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 14). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 13).

### I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits (DIB") and supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed her applications alleging she had been disabled since September 20, 2011. (ECF No. 4-5, pp. 2, 13). Administrative Law Judge ("ALJ"), Lawrence J. Neary, held a video hearing on January 30, 2013. (ECF No. 9-2, pp. 36-74). On April 11, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 4-2, pp. 20-31).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 13). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Residual Functional Capacity ("RFC") [1]

Essentially, Plaintiff argues that the ALJ improperly determined Plaintiff's RFC.[2] (ECF No. 12, pp. 3-6). To that end, Plaintiff raises two arguments. First, Plaintiff argues that ALJ erred in failing to explain why he assessed her with an RFC of medium work when her treating doctor, Dr. Baldwin, stated that Plaintiff could not do any work involving heavy machinery, heavy lifting or swimming. *Id.* at pp. 3-5. In this case, the ALJ specifically stated that he afforded "Dr. Baldwin's opinion that the claimant could work so long as she avoided heavy machinery, heavy

---

[1] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

[2] The ALJ found that Plaintiff has the RFC to perform medium work "except the claimant must avoid climbing ladders, ropes, and scaffolds. The claimant must avoid all exposure to hazards such as machinery and heights. The claimant is limited to simple, routine, repetitive tasks, with only occasional changes in the work setting and occasional interaction with the general public, co-workers, and supervisors. The claimant has no depth perception and limited visual acuity so she is limited in reading and must avoid position requiring fine visual acuity. (ECF No. 4-2, p. 23).

lifting, and swimming" great weight.[3] (ECF No. 4-2, p. 25). Yet, Plaintiff argues, the ALJ did not accommodate the "heavy lifting" restriction in determining Plaintiff's RFC. (ECF No. 12, pp. 4-5). After a review of the record, I disagree. To begin with, Dr. Baldwin never defines "heavy lifting." (ECF No. 4-10, p. 4). The ALJ restricted Plaintiff to medium work. Medium work is defined as lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§404.1567(c), 416.967(c); SSR 83-10. "Being able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time." SSR 83-10. Contrary to Plaintiff's position, this definition can be read to be consistent with the opinion of Dr. Baldwin. As a result, The ALJ's RFC does not reject Dr. Baldwin's opinion regarding Plaintiff's ability to lift. Consequently, I find the ALJ did not err in this regard.

---

[3]The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.157(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

On this point, I further note that the ALJ gave significant weight to the opinion of Dr. Kar, a state agency medical consultant. (ECF No. 4-2, p. 25). Dr. Kar specifically found that Plaintiff could perform a range of medium work. (ECF No. 4-3, pp. 7-8, 20-21). Thus, I find there is substantial evidence of record to support the ALJ's RFC. Therefore, remand is not warranted on this basis.

The second argument raised by Plaintiff is that the ALJ erred in failing to give an explanation as to why Dr. Griebel's opinion was rejected with regard to Plaintiff's field of vision. (ECF No. 12, pp. 5-6). Dr. Griebel is Plaintiff's treating ophthalmologist. The ALJ gave Dr. Griebel's January 28, 2013, opinion significant weight. (ECF No. 4-2, p. 29). Therein, Dr. Griebel opined that Plaintiff cannot drive, has questionable reading ability, should avoid work in dangerous areas, should avoid climbing ladders, ropes and scaffolds, and cannot perform work activities involving field of vision. (ECF No. 4-23, p. 64). After a review of the record, I find the ALJ did not reject Dr. Griebel's opinion regarding Plaintiff's field of vision. Rather, the ALJ's RFC specifically precludes climbing ladders, ropes and scaffolds, work around dangerous machinery and heights, and because Plaintiff has no depth perception and limited visual acuity, she is limited in reading and fine visual acuity. (ECF No. 4-2, p. 23). These activities are the type that would account for the need to avoid using field of vision. *See, Wheeler v. Astrue,* No. 12-99, 2013 WL 1819774, *5 (W.D. Pa. April 29, 2013). Thus, contrary to Plaintiff's position, I find the ALJ's RFC accommodates Dr. Griebel's opinion regarding field of vision. Therefore, I find no error in this regard and remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

ELIZABETH A. NEAL,

    Plaintiff,

vs.

CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY;

    Defendant.

2:15-CV-00040

AMBROSE, United States Senior District Judge

## ORDER OF COURT

AND NOW, this 7th day of July, 2015, after careful consideration of the submissions of the parties, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 13) is granted.

                        BY THE COURT:

                        /s/ Donetta F. Ambrose
                        DONETTA W. AMBROSE
                        United States Senior District Judge